**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CR 01-017PHX-JAT |
| ) | CV 05–842 PHX-JAT (LOA) |
| Plaintiff/Respondent, ) | |
| ) | **REPORT AND** |
| vs. ) | **RECOMMENDATION** |
| ) | |
| Ignacio Garcia-Rebollar, ) | |
| ) | |
| Defendant/Movant. ) | |
| ) | |

This matter arises on Movant's Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. § 2255 (document # 295). Respondent has filed a response contending that the Motion should be dismissed as untimely because it was filed after the expiration of the one-year limitations period. See, 28 U.S.C. § 2255. Movant has filed a reply. (document # 306)

**FACTUAL AND PROCEDURAL HISTORY**

On August 30, 2002, Movant pleaded guilty to Conspiracy to Commit Hostage Taking (18 U.S.C. § 1203) and Conspiracy to Harbor Illegal Aliens (18 U.S.C. § 1324(a)(1)(A)(iii) and (a)(1)(A)(v)(I)). (document # 249) On December 3, 2002, the district court sentenced Movant to 250 months imprisonment on the conspiracy to commit hostage taking conviction and 120 months on the conspiracy to harbor illegal aliens conviction, both sentences to run concurrently. (document # 269) Movant also received concurrent terms of supervised release on both convictions and was ordered to pay a special assessment of $200. (Id.)

On December 10, 2002, Movant filed a notice of appeal. (document # 274) On December 9, 2003, the Ninth Circuit issued its opinion affirming Movant's convictions and sentences. See, United States v. Melchor-Zaragoza, 351 F.3d 925 (9th Cir. 2003). Movant did not file a petition for writ of certiorari in the United States Supreme Court.

On March 18, 2005, Movant filed a motion for § 2255 relief in this Court. His motion was signed on March 14, 2005. (document # 295)

## STATUTE OF LIMITATIONS

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") went into effect drastically altering the time limit imposed on prisoners seeking collateral relief in federal court. Prior to the AEDPA, virtually no time limit restrained the filing of motions for collateral relief in federal court. Calderon v. United States Dist. Court, 128 F.3d 1283, 1286 (9th Cir. 1998), *overruled, in part, on other grounds*, 163 F.3d 530 (9th Cir. 1998).[1] The AEDPA, however, established a one-year statute of limitations for such motions. 28 U.S.C. § 2255. Respondent contends that Movant's § 2255 motion should be denied as untimely.

Section 2255, as amended by the AEDPA, provides that the one-year limitations period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255.

---

[1] Although Calderon was based on a § 2254 petition, it has been held to apply to § 2255 petitions. See, Burns v. Morton, 134 F.3d 109, 112 (3rd Cir. 1998).

1  Movant argues that his motion is timely because he asserts a claim under <u>United
2  States v. Booker</u>, 543 U.S. ___, 125 S.Ct. 738, 749-56 (2005) which was decided on January
3  12, 2005, and therefore the limitations period commenced on that date pursuant to § 2255(3)
4  which provides that the limitations period commences on "the date on which the right
5  asserted was initially recognized by the Supreme Court, if that right has been newly
6  recognized by the Supreme Court and made retroactively applicable to cases on collateral
7  review." <u>Id.</u>

8  Movant's attempt to rely on the date of the <u>Booker</u> decision as the
9  commencement date of the statute of limitations fails because the Supreme Court has not
10 made that decision retroactively applicable to cases on collateral review.  See, <u>Booker</u>, 125
11 S.Ct. at 769(holding that <u>Booker</u> applies "to all cases on *direct* review").  Similarly, the
12 Supreme Court has not made the precursors to <u>Booker</u>, <u>Apprendi v. New Jersey</u>, 530 U.S.
13 466 (2000) and <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), retroactively applicable to
14 cases on collateral review.  See, <u>United States v. Sanchez-Cervantes</u>, 282 F.3d 664, 671 (9th
15 Cir. 2000)(<u>Apprendi</u> not retroactive on collateral review); See, <u>United State v. Quintero-
16 Araujo</u>, 343 F.Supp.2d 935, 942 (D.Idaho 2004)(<u>Blakely</u> does not apply retroactively on
17 collateral review); <u>United States v. Stoltz</u>, 325 F.Supp.2d 982, 987 (D.Minn. 2004)(same);
18 <u>Orchard v. United States</u>, 332 F.Supp.2d 275, 277 (D.Me. 2004)(same); <u>Concepcion v.
19 United States</u>, 328 F.Supp.2d 372, 374 (E.D.N.Y. 2004)(same); <u>Tisdale v. United States</u>,
20 2004 WL 2782725, * 7 (D.Kan. Sept. 22, 2004)(same); <u>United States v. Stancell</u>, 346
21 F.Supp.2d 204 (D. D.C. 2004)(same).

22 Movant further asserts that the limitations period should run from June 20, 2005,
23 the date on which the Supreme Court issued its opinion in <u>Dodd v. United States</u>, ___
24 U.S.___, 125 S.Ct. 2478 (June 20, 2005).  In <u>Dodd</u>, the Court considered whether the date
25 from which the limitations period begins to run under § 2255(3) is the date on which the
26 Supreme Court "initially recognized" the right asserted in the movant's § 2255 motion, or
27 whether it is the date on which it is "made retroactive." 125 S.Ct. at 2480.  The Court
28 concluded that the statute itself "unequivocally identifies one, and only one, date from which

- 3 -

the 1-year limitations period is measured: 'the date on which the right asserted was initially recognized by the Supreme Court.'" 125 S.Ct. 2482 (citing § 2255(3)). The Court explained that the second clause of § 2255(3) – "if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" – imposes a condition on the applicability of this subsection. 125 S.Ct. at 2482. In other words, section 2255(3)'s date "does not apply if all the conditions in the second clause — the right 'has been made retroactively applicable to cases on collateral review' — have not been satisfied." Id. Under Dodd, § 2255(3) does not apply in this case because the Supreme Court has not made Booker or Blakely retroactively applicable on collateral review.

Thus, § 2255(1) applies and the limitations period runs from the date on which Movant's judgment of conviction became final. Movant was sentenced on December 3, 2002. He appealed and the Ninth Circuit affirmed his conviction and sentence on December 9, 2003. Movant did not file a petition for writ of certiorari with the United States Supreme Court. When a prisoner's conviction is affirmed on appeal and he does not file a petition for writ of certiorari, his judgment of conviction becomes final when the time for filing a petition for certiorari expires. Clay v. United States, 537 U.S. 522, 532 (2003). The time for seeking certiorari expires ninety (90) days after the Court of Appeals enters its judgment. See, United States v. Garcia, 210 F.3d 1058, 1059 (9th Cir. 2000); Sup. Ct. R. 13.3 (stating that the time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate.) Accordingly, Movant's § 2255 motion was due on or before March 8, 2005.

Movant's Motion is dated March 14, 2005 and was filed March 18, 2005. Under the prison mailbox rule, a habeas petition is considered filed on the date the *pro se* petitioner delivers it to prison authorities for mailing. Houston v. Lack, 487 U.S. 266 (1988); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001). Eve assuming that the mailbox rule applies and that Movant's § 2255 motion was deemed filed on March 14, 2005, the § 2255 Motion is untimely. The Court, therefore, need not reach the merits of Movant's claims unless Movant establishes a basis for equitable tolling.

## EQUITABLE TOLLING

The Ninth Circuit recognizes that the § 2255 limitations period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Calderon v. United States, 128 F.3d 1283, 1288-89, *overruled on other grounds*, 163 F.3d 530, 540 (9th Cir. 1998), *abrogated on other grounds*, Woodford v. Garceau, 538 U.S. 2002 (2002); United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004)(clarifying that the limitations period contained in § 2255 is subject to equitable tolling). To qualify for equitable tolling, movant must establish that circumstances beyond his control or government misconduct made it impossible for him to file a timely § 2255 motion. Id.  Equitable tolling is only appropriate when "external forces" account for petitioner's failure to file a timely claim. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Movant bears the burden of establishing that he is entitled to equitable tolling. Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002).

Movant asserts that his lack of legal training and the hardships of prison life justify equitable tolling.  A petitioner seeking equitable tolling must establish two elements: " (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, ___ U.S. ___, 125 S.Ct. 1807 (2005).  Here, Petitioner fails to assert any extraordinary circumstance warranting equitable tolling.

Movant's status as an inmate and lack of legal assistance do not constitute extraordinary circumstances warranting equitable tolling.  See, Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(stating that fact that an inmate law clerk was assisting petitioner does not relieve petitioner from personal responsibility of complying with the law); Hughes v. Idaho State Board of Corrections, 800 F.2d 905, 909 (9th Cir. 1986)(finding that a pro se prisoner's illiteracy was not sufficient to satisfy the standard of an objective, external factor amounting to "cause" for purposes of avoiding the procedural bar on his habeas claim); United States v. Van Poyck, 980 F.Supp. 1108 (C.D.Ca. 1997)(defendant's inability to secure transcripts and four general lockdowns at prison lasting several days and allegedly eliminating access to the law library did not constitute extraordinary circumstances for

1 purposes of tolling the one-year limitations period.).   In summary, equitable tolling is not
2 appropriate in this case.  Because Movant's § 2255 Motion is untimely and he fails to
3 establish a basis for tolling the statute of limitations, the undersigned recommends
4 dismissing the Motion.

5      Accordingly,

6      IT IS HEREBY RECOMMENDED that the Movant's Motion to Vacate, Correct,
7 or Set Aside Sentence by person in Federal Custody pursuant to 28 U.S.C. § 2255
8 (document # 295) be **DISMISSED** as untimely.

9      This recommendation is not an order that is immediately appealable to the Ninth
10 Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
11 Appellate Procedure, should not be filed until entry of the District Court's judgment.  The
12 parties shall have ten days from the date of service of a copy of this recommendation within
13 which to file specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules
14 72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within
15 which to file a response to the objections.  Failure timely to file objections to the Magistrate
16 Judge's Report and Recommendation may result in the acceptance of the Report and
17 Recommendation by the District Court without further review.  *See United States v. Reyna-*
18 *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual
19 determinations of the Magistrate Judge will be considered a waiver of a party's right to
20 appellate review of the findings of fact in an order or judgment entered pursuant to the
21 Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

22      DATED this 29th day of August, 2005.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge